## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM SCOTT BEATTY, SR.,** | **No. 3:19-CV-01802** |
| **Petitioner,** | **(Judge Mariani)** |
| **v.** | |
| **MARK GARMAN, *et al.,*** | |
| **Respondents.** | |

## MEMORANDUM OPINION

Petitioner William Scott Beatty, Sr., a state prisoner presently confined at the State Correctional Institution at Rockville in Bellefonte, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court convictions by arguing that statements of his codefendant indicate that Petitioner was not, in fact, his codefendant's accomplice.  Doc. 1.  Petitioner also alleges that certain criminal counts were withdrawn against this codefendant.  *Id.*  Petitioner asserts that this information was not available at the time he decided to plead guilty.  *Id.*

Respondents filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely.  Doc. 11.  Petitioner filed no reply.  For the reasons discussed below, the Court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

## I.    BACKGROUND

On March 24, 2010, Petitioner was charged with ninety-five (95) counts of various state law offenses, including burglary, robbery, and unlawful possession of a firearm. Doc. 11-1 at 1. Petitioner proceeded to trial on April 4, 2011, on an amended criminal information filed in the Court of Common Pleas of Lebanon County. After the first day of trial, however, Petitioner entered an open plea of *nolo contendere*. *Id.* On May 18, 2011, Petitioner was sentenced to a total minimum term of 497 months and a maximum term of 994 months imprisonment. *Id.* at 2. Petitioner did not file a direct appeal of his plea or sentence, and the time for doing so expired on June 17, 2011. *Id.* at 2, 7 (citing Pa. R. Crim. P. 720(a)(3) providing for thirty days after imposition of sentence to file a direct appeal).

On May 24, 2011, Petitioner filed his first Post-Conviction Relief Act ("PCRA") petition. *Id.* at 2. The petition was ultimately denied on the merits by the trial court on June 23, 2015.[1] *Id.* at 3. Petitioner appealed this denial to the Superior Court of Pennsylvania, who affirmed the denial of the first PCRA petition on February 5, 2016. *Id.* Petitioner did not seek to appeal this affirmance to the Supreme Court of Pennsylvania, and the time for doing so expired on

---

[1]    During the first appeal of Petitioner's first PCRA petition, the Pennsylvania Superior Court on February 4, 2014, vacated the denial of that petition. In doing so, the Superior Court explained that the first PCRA petition challenged both Petitioner's 2009 and 2010 criminal actions, but the trial court had only determined the PCRA issues raised regarding the 2009 action and not the 2010 action. The petition was thus remanded to the trial court for disposition of the 2010 action on the merits.

March 6, 2016, a Sunday, thus actually providing until Monday, March 7, 2016 for any such filing.[2]  *Id.* at 4 n.3.

Shortly after Petitioner's Superior Court appeal was denied, Petitioner filed a second PCRA petition on March 21, 2016.  *Id.* at 3.  In that proceeding, Petitioner sought to challenge the effectiveness of his PCRA counsel, specifically as it related to his counsel's failure to petition the Pennsylvania Supreme Court for allowance of appeal of his first PCRA petition which had been denied.  *Id.* at 3-4.  The second PCRA petition was denied on July 21, 2017, however the trial court permitted Petitioner to file a petition for allowance of appeal to the Pennsylvania Supreme Court within thirty days from the date of that order.  *Id.* at 4.  Rather than filing that petition for allowance of appeal,[3] Petitioner filed a notice of appeal as to the second PCRA petition's denial.  *Id.*  The Pennsylvania Superior Court affirmed the denial of the second PCRA petition on February 23, 2018, holding that the petition is "patently untimely" because it was filed well after a year past the date Petitioner's conviction became final and because Petitioner failed to allege any "after-discovered facts" sufficient to permit a second

---

[2]    Pennsylvania Rule of Appellate Procedure 1113 provides that any petition for allowance of appeal shall be filed within thirty days after the entry of the order of the Superior Court sought to be reviewed.

[3]    Although Petitioner did not initially file that petition for allowance of appeal, he did file a motion with the trial court to stay the thirty-day period in which to file the petition for allowance of appeal pending his appeal of his denied PCRA claims to the Superior Court.  *See* Doc. 11-32.  That stay was granted by order dated August 24, 2017.  Doc. 11-33.  Given the affirmance by the Superior Court of the denial of the second PCRA petition on February 23, 2018, it appears that the time for filing the petition for allowance of appeal would have expired on March 25, 2018, which was a Sunday, and thus the time for filing was extended to and expired on March 26, 2018.

PCRA petition.[4]  *Id.*  Doc. 37.  Petitioner did not file a petition for allowance of appeal after the Superior Court upheld the denial of his second PCRA petition as untimely.

Petitioner next filed a third PCRA petition on March 23, 2018, in which he alleged collusion between trial counsel, the trial court, and the Commonwealth, in addition to prosecutorial misconduct.  This third petition was also dismissed as untimely on August 31, 2018 by the trial court.  *Id.* at 5.  Petitioner appealed that denial, and the Pennsylvania Superior Court affirmed the denial on May 9, 2019.  *Id.*  Petitioner then filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on August 22, 2019.  *Id.*

Petitioner filed the instant Petition on October 17, 2019.  Doc. 1.  The Court issued an order to show cause as to why the petition should not be granted, and Respondents filed an answer raising the issue of timeliness.  *See* Docs. 6 (order), 11 (answer).  Petitioner has not filed a reply in support of his Petition.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") outlines the applicable statute of limitations for Petitioner's habeas petition, and it provides, in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-

---

[4]   The Superior Court noted that the portion of the trial court's order on the second PCRA petition granting Petitioner thirty days in which to file a petition for allowance of appeal was not before them.  *See* Doc. 37 at 8 n.3.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  *See also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

Here, Petitioner did not file a direct appeal of his conviction and sentence, so his sentence became final thirty days later, *i.e.* on June 17, 2011.  His one year federal habeas statute of limitations would have begun to run on June 18, 2011, however Petitioner filed his first PCRA petition on May 24, 2011.  That action tolled his federal habeas statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) until the conclusion of his first PRCA proceedings including any appeals.  According to the record before the Court, those proceedings ended on March 7, 2016, when the time for filing a petition for allowance of

5

appeal with the Pennsylvania Supreme Court expired.  Thus, the habeas statute of limitations started to run on March 8, 2016, and expired on or about March 8, 2017.

Petitioner's two later PCRA petitions have no effect on and did not toll the running of the statute of limitations because they were dismissed as untimely.  For the statute of limitations to be tolled or remain tolled, any PCRA petition must be both pending and properly filed. *See Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001). "The AEDPA statute of limitations can only be statutorily tolled when a collateral petition for state relief was submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Id*.  A federal habeas court must "must look to state law governing when a petition for collateral relief is properly filed" and "defer to a state's highest court when it rules on an issue." *Merritt v. Blaine*, 26 F.3d 157, 165 (3d Cir. 2003).

In Pennsylvania, a PCRA petitioner need not appeal his or her petition to the Supreme Court of Pennsylvania; an appeal to the Superior Court constitutes full exhaustion for the purposes of a § 2254 petition. *See In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218"); *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) (noting that a petitioner in Pennsylvania need not lodge a discretionary appeal to Pennsylvania Supreme Court in order to exhaust state remedies in order to pursue federal habeas relief; appeal to Superior Court will suffice). Here, Petitioner's appeals of his denied PCRA petitions to the Superior Court constitute the exhaustion of state remedies for this federal habeas petition,

and, because the Superior Court has reached the issue of timeliness of the second and third PCRA petitions, this Court must defer to the Superior Court's determination that both were untimely.  *See Fahy*, 240 F.3d at 243; *Merritt*, 26 F.3d at 165-66.  Because the Pennsylvania Superior Court found both of Petitioner's second and third PCRA petitions to be untimely, those petitions cannot toll the federal habeas statute of limitations.[5]

Before concluding that the Petition is untimely, the Court must determine whether Petitioner would be entitled to an alternative starting point for the one-year limitations period pursuant to § 2244(d)(1)(D) because Petitioner has referenced "newly discovered evidence" in his petition.  Under § 2244(d)(1)(D), the Petition may be timely if the petition has been brought within one year of the date on which the facts giving rise to the grounds for relief in the petition could have been discovered through the use of due diligence.  Here, Petitioner fails to explicitly identify this newly discovered fact or evidence other than offering general allegations. Instead, Petitioner simply states that "newly discovered evidence indicat[es] Petitioner was in fact not [codefendant's] accomplice" and references the documents attached to the Petition.  Those documents consist of approximately twenty pages from the state court record, including various criminal docket sheets, correspondence, sample motions, PCRA

---

[5]   The Court notes that Petitioner's second PCRA petition was originally decided on the merits and only found to be untimely on appeal.  Even assuming—for the sake of argument—that his second PCRA petition was timely and thus further tolled the federal habeas statute of limitations, this third PCRA petition was dismissed as untimely and not decided on the merits.  The conclusion of his third PCRA proceedings ended on March 23, 2018, and the federal habeas statute of limitations would have expired on or about March 23, 2019, well before this petition was filed.

petitions, and a partial state court order in his codefendant's criminal case. From what the Court can discern from a comprehensive review of these documents, at best, it appears that Petitioner considers the "discovered" factual predicate for his claims made under § 2244(d)(1)(D) to be that certain criminal counts were withdrawn against his codefendant who would have testified against him, which he asserts to be new evidence. The Court reaches this conclusion from a hand written PCRA petition included as an exhibit that appears to recite a portion of an unknown transcript in which Petitioner's counsel is questioned regarding the withdrawal of certain common criminal charges against Petitioner's codefendant:

> Mr. Diederick, were you aware that counts 59 through 91 were withdrawn against Mr. Lighty  [condefendant]?
>
> Mr. Diederick:  I was not aware that certain counts were withdraw[n] [until] after you were sentenced.

*See* Doc. 1 at 27. Petitioner then goes on to state in this hand written PCRA petition that "newly-discovered evidence would have been available prior to plea and also would establish defendants request for suppression of evidence and motion to sever."[6] *Id.*

Although Petitioner may not have discovered this information until well after he decided to plead guilty, court records are generally public records and easily accessible, and Petitioner makes no argument to the contrary. Notably, Petitioner raised this factual issue in his third PCRA petition, which was filed on March 23, 2018, and thus, it is clear to the Court that this factual information was discovered more than one year before October 17, 2019, the

---

[6]   This issue was raised in this PCRA petition in the context of ineffective assistance of trial counsel.

date of the filing of his § 2254 petition in this Court.  Therefore, the Court finds that Petitioner cannot avail himself of § 2244(d)(1)(D), and the petition is untimely.

Next, the Court must determine whether equitable tolling may apply to Petitioner's untimely petition.  In *Holland v. Florida*, 560 U.S. 631, 649–50 (2010), the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.  *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).  A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.  *Holland*, 560 U.S. at 653.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted).  *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").  Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.  *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384

F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling.  "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.  *Holland*, 560 U.S. at 651 (citations omitted).  *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).  Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  *LaCava*, 398 F.3d at 275–276.  *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.  *See Brinson v. Vaughn,* 398 F.3d 225, 230 (3d Cir. 2005).  Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if

the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Respondents' Answer asserted the untimeliness of Petitioner's federal habeas petition, which also addressed why equitable tolling would be inappropriate. Petitioner had an opportunity to respond to the answer, but has failed to file a reply and has not offered an explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling. Furthermore, the Court has reviewed Petitioner's filings and finds no circumstances which could potentially trigger equitable tolling. Thus, the Court will dismiss the Petition as untimely.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

## IV.   CONCLUSION

For the reasons set forth above, William Scott Beatty, Sr.'s § 2254 habeas petition will be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability shall not issue.

A separate order shall issue.

BY THE COURT:

Robert D. Mariani
United States District Judge

Dated: 5/22/20